# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 14-505V
## (Not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| B.K., *a minor by his parent* KATHERINE M. KELLEY, | * * * * | |
| Petitioner, | * * | Filed: January 7, 2016 |
| v. | * * * | Decision by Stipulation; Damages; Influenza ("Flu") Vaccine; Guillain-Barré Syndrome ("GBS"). |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | |
| Respondent. | * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Lawrence R. Cohan*, Anapol Weiss, Philadelphia, PA, for Petitioner.

*Glenn A. MacLeod*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On June 12, 2014, Katherine M. Kelley filed a petition on behalf of her minor child B.K., seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that B.K. suffered from Guillain-Barré syndrome ("GBS") and related complications as a result of his October 26, 2011 receipt of the influenza ("flu") vaccine.

Respondent denies that the flu vaccine caused B.K. to suffer from GBS or any other injury and further denies that his current disabilities are sequela of a vaccine-related injury. Nonetheless

---

[1] Because this decision contains a reasoned explanation for my action in this case, I will post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the posted decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. (*Id.*)

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C.A. § 300aa-10 to § 300aa-34 (2012).

both parties, while maintaining their above-stated positions, agreed in a stipulation filed December 29, 2015, that the issues before them can be settled and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

    a.   A lump sum of $195,793.89, which amount represents compensation for first year life care expenses ($15,077.88) and pain and suffering ($180,716.02), in the form of a check payable to Petitioner as guardian(s)/conservator(s) of the estate of B.K. for the benefit of B.K. No payments shall be made until Petitioner provides respondent with documentation establishing that she has been appointed as the guardian/conservator of B.K.'s estate;

    b.   A lump sum of $1,870.00, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to Petitioner, Katherine M. Kelley;

    c.   An amount sufficient to purchase the annuity contract described in paragraph 10 of the Stipulation, paid to the life insurance company from which the annuity will be purchased.

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

Stipulation ¶ 8.

I approve a Vaccine Program award in the requested amounts set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[3]


**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly filing notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

B.K., a minor by his parent )
KATHERINE M. KELLEY, )
)
Petitioner, )
v. )
)
SECRETARY OF HEALTH AND )
HUMAN SERVICES, )
)
Respondent. )

No. 14-505V
Special Master (ECF)
BRIAN H. CORCORAN

## STIPULATION

The parties hereby stipulate to the following matters:

1.  On behalf of her son, B.K., petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to B.K.'s receipt of the influenza ("Flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2.  B.K. received a Flu immunization on or about October 26, 2011.

3.  The vaccine was administered within the United States.

4.  Petitioner alleges that B.K. suffered Guillain-Barré Syndrome ("GBS") as a result of receiving the Flu vaccine.

5.  Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of B.K. as a result of his condition.

6.  Respondent denies that the Flu vaccine caused B.K. to suffer GBS or any other injury and further denies that his current disabilities are a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a. A lump sum of $195,793.89, which amount represents compensation for first year life care expenses ($15,077.88) and pain and suffering ($180,716.01), in the form of a check payable to petitioner as guardian(s)/conservator(s) of the estate of B.K. for the benefit of B.K.. No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian/ conservator of B.K.'s estate;

b. A lump sum of $1,870.00, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioner, Katherine M. Kelley;

c. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a.      A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b.      Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

c.      Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

d.      Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract

2

from the Life Insurance Company for the benefit of B.K., pursuant to which the Life Insurance

Company will agree to make payments periodically to petitioner, as the court-appointed

guardian/conservator of the estate of B.K. for the following items of compensation:

a. For future unreimbursable CIGNA Maximum Out-of-Pocket expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,000.00 to be paid up to the anniversary of the date of judgment in year 2030, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

b. For future unreimbursable CIGNA Deductible, Physical Medicine & Rehabilitation, Neurologist, and Urologist expenses, on the anniversary of the date of judgment in year 2030, a lump sum of $290.00. Then, beginning on the anniversary of the date of judgment in year 2031, an annual amount of $270.00 to be paid up to the anniversary of the date of judgment in year 2035. Then, beginning on the anniversary of the date of judgment in year 2035, an annual amount of $240.00 to be paid up to the anniversary of the date of judgment in year 2076, all amounts increasing at the rate of five percent (5%), compounded annually from the date of judgment.

c. For future unreimbursable Medigap expenses, beginning on the anniversary of the date of judgment in year 2076, an annual amount of $1,410.24 to be paid for the remainder of B.K.'s life, all amounts increasing at the rate of five percent (5%), compounded annually from the date of judgment.

d. For future unreimbursable Physical Therapy, Swimming, Little Gym, and Gym expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,391.00 to be paid up to the anniversary of the date of judgment in year 2024. Then, beginning on the anniversary of the date of judgment in year 2024, an annual amount of $516.00 to be paid up to the anniversary of the date of judgment in year 2028. Then, on the anniversary of the date of judgment in year 2028, a lump sum of $1,033.00. Then, beginning on the anniversary of the date of judgment in year 2029, an annual amount of $1,014.00 to be paid up to the anniversary of the date of judgment in year 2031. Then, beginning on the anniversary of the date of judgment in year 2031, an annual amount of $894.00 to be paid up to the anniversary of the date of judgment in year 2066. Then, beginning on the anniversary of the date of judgment in year 2066, an annual amount of $828.00 to be paid up to the anniversary of the date of judgment in year 2076. Thereafter, beginning on the anniversary of the date of judgment in year 2076, an annual amount of $768.00 to be paid for the remainder of B.K.'s life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

e. For future unreimbursable Occupational Therapy and Evaluation expenses, on the anniversary of the date of judgment in year 2029, a lump sum of $1,256.00. Then, on the anniversary of the date of judgment in year 2033, a lump sum of $1,256.00, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

f. For future unreimbursable Counseling expenses, beginning on the anniversary of the date of judgment in year 2030, an annual amount of $180.00 to be paid up to the anniversary of the date of judgment in year 2034. Then, on the anniversary of the date of judgment in year 2034, a lump sum of $360.00, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

g. For future unreimbursable AFO, Shoe, Swimming Vest, and Grab Bar expenses, beginning on the first anniversary of the date of judgment, an annual amount of $165.95 to be paid up to the anniversary of the date of judgment in year 2018. Then, beginning on the anniversary of the date of judgment in year 2018, an annual amount of $130.00 to be paid up to the anniversary of the date of judgment in year 2021. Then, on the anniversary of the date of judgment in year 2021, a lump sum of $330.00. Then, beginning on the anniversary of the date of judgment in year 2022, an annual amount of $150.00 to be paid up to the anniversary of the date of judgment in year 2030. Then, on the anniversary of the date of judgment in year 2030, a lump sum of $201.50. Then, beginning on the anniversary of the date of judgment in year 2031, an annual amount of $175.75 to be paid up to the anniversary of the date of judgment in year 2075. Thereafter, beginning on the anniversary of the date of judgment in year 2075, an annual amount of $150.00 to be paid for the remainder of B.K.'s life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

h. For future unreimbursable Helmet, Wall and Corner Guard expenses, on the anniversary of the date of judgment in year 2017, a lump sum of $432.06. Then on the anniversary of the date of judgment in year 2019, a lump sum of $432.06. Then on the anniversary of the date of judgment in year 2021, a lump sum of $432.06, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

i. For future unreimbursable Home Care expenses, beginning on the first anniversary of the date of judgment, an annual amount of $8,964.00 to be paid up to the anniversary of the date of judgment in year 2024. Then, beginning on the anniversary of the date of judgment in year 2024, an annual amount of $5,508.00 to be paid up to the anniversary of the date of judgment in year 2027, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

j. For future unreimbursable Hand Control expenses, on the anniversary of the date of judgment in year 2027, a lump sum of $1,257.25. Then on the anniversary of the date of judgment in year 2037, a lump sum of $1,257.25. Thereafter, beginning on the anniversary of the date of judgment in year 2038, an annual amount of $125.73 to be paid for the remainder of B.K.'s life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

l. For future unreimbursable Ramping expenses, on the anniversary of the date of judgment in year 2018, a lump sum of $200.00. Then, on the anniversary of the date of judgment in year 2021, a lump sum of $200.00. Then, on the anniversary of the date of

judgment in year 2024, a lump sum of $200.00. Then, on the anniversary of the date of judgment in year 2027, a lump sum of $200.00. Then, on the anniversary of the date of judgment in year 2030, a lump sum of $200.00. Then, on the anniversary of the date of judgment in year 2033, a lump sum of $200.00. Then, on the anniversary of the date of judgment in year 2036, a lump sum of $200.00. Thereafter, beginning on the anniversary of the date of judgment in year 2037, an annual amount of $66.67 to be paid for the remainder of B.K.'s life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to the petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to the petitioner and do not require that the payment be made in one annual installment. The petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as B.K. is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of B.K.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to

5

42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of B.K. as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of B.K.'s estate under the laws of the Commonwealth of Virginia. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of B.K.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of B.K. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed

by a court of competent jurisdiction to serve as guardian(s)/ conservator(s) of the estate of B.K. upon submission of written documentation of such appointment to the Secretary.

17. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity and as legal representative of B.K., on behalf of herself, B.K., and his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of B.K. resulting from, or alleged to have resulted from, the Flu vaccination administered to him on October 26, 2011, as alleged by petitioner in a petition for vaccine compensation filed on or about June 12, 2014, in the United States Court of Federal Claims as petition No. 14-505V.

18. If B.K. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except

as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Flu vaccine caused B.K. to suffer GBS or any other injury or condition.

23. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of B.K.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

KATHERINE M. KELLEY

ATTORNEY OF RECORD FOR
PETITIONERS:

LAWRENCE R. COHAN, ESQ.
ANAPOL WEISS
One Logan Square
130 North 18th Street
Suite 1600
Philadelphia, PA 19103
Tel: (215) 790-4567

AUTHORIZED REPRSENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

A. MELISSA HOUSTON M.D., M.P.H., FAAP
Director, Division of Injury Compensation
Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4122

Dated: December 29 2015

9