# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 14-505V
### (Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| B.K., *a minor by his parent* | |
| KATHERINE M. KELLEY, | |
| | Special Master Corcoran |
| Petitioner, | |
| | Dated: March 29, 2016 |
| v. | |
| | Attorney's Fees and Costs; Forum Rate; |
| | Reasonable Hours. |
| SECRETARY OF HEALTH AND | |
| HUMAN SERVICES, | |
| | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Lawrence R. Cohan*, Anapol Weiss, Philadelphia, PA, for Petitioner.

*Glenn MacLeod*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### ATTORNEY'S FEES AND COSTS DECISION[1]

On June 12, 2014, Katherine M. Kelley filed a petition on behalf of her minor child, B.K., seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] In the petition, Ms. Kelley alleged that B.K. developed Guillain-Barré syndrome ("GBS") as a result of receiving the influenza ("flu") vaccine. The case was settled approximately a year and half later, and I issued a decision awarding Petitioner compensation on January 7, 2016. ECF No. 23.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act.

On February 15, 2016, Petitioner filed a Motion requesting an award of attorney's fees in the amount of $33,120.00, and costs in the amount of $18,157.88, for a total amount of $51,277.88. ECF No. 27. In accordance with General Order No. 9, Petitioner's counsel also represented that Petitioner had incurred no out-of-pocket expenses.

On February 29, 2016, Respondent filed a response to Petitioner's Motion. ECF No. 28. Respondent asserts that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for Respondent in the resolution of a request by a Petitioner for an award of attorney's fees and costs." *Id.* at 2. Respondent added that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2, n.2. However, she maintained that a reasonable amount for fees and costs in the present case would fall between $43,000 and $46,000, providing no substantiation for this proposed range. *Id.* at 2, n.2.

That same day, Petitioner filed a reply. ECF No. 29. Petitioner argued that Respondent had failed "to specifically identify any deficiencies, unreasonableness, or billing issues" but only referenced a "self-serving 'estimation' of what Respondent believes the range for fees and costs in this case should be." *Id.* at 2-3. Petitioner also included a list of the attorney's fees and costs awarded to petitioners' counsels in flu/GBS cases over the year. *Id.* at 4.[3]

I have reviewed the billing records submitted with Petitioner's initial request and, based on my discretion and Vaccine Program experience, find no cause to reduce the requested hours or rates. The attorneys in this matter (Mr. Lawrence R. Cohan; Mr. David Carney; and Ms. Robin Puccio) request $400/hour; $275/hour; and $125/hour, respectively. These rates are in the range established as a reasonable forum rate in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) for attorneys and paralegals with their respective levels of experience. Therefore, I find the requested rates reasonable.

Petitioner requests an additional four hours of work expended by Mr. Carney for preparation of the reply. The reply filed in this case, however, is similar to that filed in other cases with a similar procedural posture. *See, e.g.*, *First v. Sec'y of Health & Human Servs.*, No. 15-47, slip op. (Fed. Cl. Spec. Mstr. Mar. 24, 2016); s*ee also Molina v. Sec'y of Health & Human Servs.*, No. 14-1110V, slip op. (Fed Cl. Spec. Mstr. Mar. 24, 2016). As a result, I find that the four hours claimed is excessive. Therefore, I award only half of the $1,100 requested or an additional $550.00 for preparation of the reply brief.

---

[3] Petitioner requested additional attorney's fees in the amount of $1,100.00 (four hours of time) for preparing the reply. *Id.* at 5, n.1. She did not, however, provide specific billing entries describing how this time was expended.

As noted above, Petitioner also requests costs in the amount of $18,157.88. ECF No. 27. Respondent does not object to these costs as unreasonable, and upon review of the record I find that they are reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Based on the reasonableness of Petitioner's request, I hereby **GRANT** Petitioner's Motion for attorney's fees and costs.

**Accordingly, I award a total of $51,827.88[4] as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel Mr. Lawrence R. Cohan.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the Parties' joint filing of notice renouncing the right to seek review.